# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| DERRICK E. MAYES, | : | Case No. 3:22-cv-313 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : | Judge Michael J. Newman |
|  | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, CHILLICOTHE | : |  |
| CORRECTIONAL INSTITUTION, | : |  |
|  | : |  |
| Respondent. | : |  |

## REPORT AND RECOMMENDATION[1]

Petitioner Derrick E. Mayes ("Petitioner" or "Mayes"), an inmate in state custody at the Chillicothe Correctional Institution, has filed, *pro se*, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). Doc. No. 1. Petitioner challenges his conviction and sentence set forth in the Montgomery County Court of Common Pleas case no. 2010-CR-851/1, finding Petitioner guilty of gross sexual imposition, unlawful sexual conduct with a minor, importuning, and rape, and sentencing him to a mandatory term of ten years to life imprisonment. *Id.* at PageID 1. This matter is before the Court on the Petition, *id.*, Respondent's Return of Writ, Doc. No. 9, Petitioner's Reply in Opposition, Doc. No. 10, and the state court record, Doc. No. 8.

For the reasons that follow, this Court **RECOMMENDS** that this action be **DISMISSED without prejudice** as his single ground for relief is barred by procedural default.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I. FACTS AND PROCEDURAL HISTORY

### A. <u>State Conviction</u>

In 2011 and 2012, Mayes was charged in three indictments with fifty-six sex offenses involving children, including multiple counts of rape (child under age 13), gross sexual imposition (child under age 13), importuning, dissemination of material harmful to a juvenile, and unlawful sexual conduct with a minor.  Doc. No. 8 at PageID 38 (Ex. 1).  On February 17, 2011, Mayes, through counsel, waived his speedy trial rights.  *Id.*

#### 1. *Indictment A*

On May 27, 2011, a Montgomery County Grand Jury indicted Mayes on forty-four counts of sexual offenses against children: thirteen counts of gross sexual imposition (child under age 13); thirteen counts of rape (child under age 13); one count of corruption of a minor; four counts of disseminating material harmful to a juvenile (obscene; child under age 13); eight counts of unlawful sexual conduct with a minor; and five counts of importuning (child under age 13).[2]  *Id.* at PageID 40–55 (Ex. 2).  On June 11, 2011, Mayes, through counsel, entered a plea of not guilty on all counts.  *Id.* at PageID 57 (Ex. 3).

#### 2. *Re-Indictment B*

On July 18, 2011, a Montgomery County Grand Jury re-indicted Mayes on two counts of rape and four counts of gross sexual imposition.  *Id.* at PageID 59–61 (Ex. 4).  Mayes, through counsel, pled not guilty to all the counts in Re-Indictment B.  *Id.* at PageID 63 (Ex. 5).

#### 3. *Motion to Suppress*

On July 26, 2011, Mayes, through counsel, filed a motion to suppress all statements and physical evidence on the grounds that he was not given his *Miranda* rights and that the statements

---

[2] On July 16, 2012, at the request of the State, the court entered a termination entry, dismissing without prejudice Counts 6, 7, 8, 9, 10, and 11 from Indictment A.  *Id.* at PageID 122 (Ex. 17).

were not given voluntarily. *Id.* at PageID 65–67 (Ex. 6). On September 15, 2011, after holding a hearing on this motion to suppress, the court ordered the parties to file post-hearing briefs, *see id.* at PageID 69 (Ex. 7), in which Mayes argued that he was not given his *Miranda* rights and was coerced into confessing, *id.* at PageID 71–74 (Ex. 8). The State filed a brief in opposition to Mayes' motion to suppress. *Id.* at PageID 76–84 (Ex. 9). While the motion to suppress was pending, Mayes, through counsel, filed a second waiver of speedy trial rights. *Id.* at PageID 86 (Ex. 10). On November 28, 2011, the trial court overruled the motion to suppress. *Id.* at PageID 88–91 (Ex. 11).

### 4. *Re-Indictment C*

On March 7, 2012, a Montgomery County Grand Jury re-indicted Mayes on three counts of gross sexual imposition and three counts of rape of a victim less than thirteen years old. *Id.* at PageID 93–95 (Ex. 12). On March 16, 2012, Mayes, through counsel, pled not guilty to all the counts in Re-Indictment C. *Id.* at PageID 97 (Ex. 13). On the same date, Mayes, through counsel, filed his third waiver of his speedy trial rights. *Id.* at PageID 99 (Ex. 14). Mayes filed a motion to dismiss Re-Indictment C based on a violation of the statute of limitations. *Id.* at PageID 101–04 (Ex. 15). On June 21, 2012, the State filed a response in opposition to the motion to dismiss the Re-Indictment C. *Id.* at PageID 106–20 (Ex. 16).

### 5. *Motions to Amend Indictments*

On November 29, 2012, the State filed a motion to amend Indictment A to correct a typographical error on the dates in Count 4. *Id.* at PageID 124–27 (Ex. 18). On November 30, 2012, the court granted the motion to amend Indictment A. *Id.* at PageID 129 (Ex. 19). On December 5, 2012, the State filed a motion to amend Re-Indictment B to correct a typographical

error on the dates in Counts 1 and 2. *Id.* at PageID 132–34 (Ex. 20).  On December 7, 2012, the court granted the motion to amend Re-Indictment B. *Id.* at PageID 136 (Ex. 21).

### 6. *Conviction*

On December 7, 2012, Mayes pled no contest to twenty-five of those charges: eleven counts of rape (child under 13 years old); one count of rape by force (child under 13 years old); eight counts of gross sexual imposition; two counts of unlawful sexual conduct with a minor; one count of disseminating matter harmful to juveniles (obscene, child under 13 years old); and two counts of importuning. *Id.* at PageID 138–47 (Ex. 22).  The State dismissed the remaining charges, and the trial court found Mayes guilty of the charges to which he pled no contest. *Id.*

### B. Sentence

On January 8, 2013, Mayes was ordered to serve an aggregate sentence of ten years to life. *Id.* at PageID 149–52 (Ex. 23).  All counts were ordered to be served concurrent to each other. *Id.* The court also designated Mayes a Tier III sex offender/child victim offender. *Id.* at PageID 151 (Ex. 23).

### C. Direct Appeal

Mayes did not directly appeal his conviction.

### D. State Post-Conviction Motions

#### 1. *Petition for Post-Conviction Relief*

About seven months after his sentencing, on August 5, 2013, Mayes, through different counsel, filed a petition for post-conviction relief and requested an evidentiary hearing. *Id.* at PageID 154–68 (Ex. 24).  Mayes asserted that he received ineffective assistance of counsel when his trial counsel advised him that if he entered a no contest plea, he would probably serve twelve to fourteen years prior to being paroled. *Id* at PageID 158 (Ex. 24).  The State moved for summary

judgment and dismissal of the petition.  *Id.* at PageID 170–94 (Ex. 25).  Mayes filed a brief in

opposition to the State's motion for summary judgment and filed a cross-motion for summary

judgment.  *Id.* at PageID 197–226 (Ex. 26).  The State filed a reply to Mayes' brief in opposition

to their motion for summary judgment.  *Id.* at PageID 228–37 (Ex. 27).  On January 28, 2014,

following an evidentiary hearing, the trial court dismissed Mayes' petition for post-conviction

relief, granted the State's motion for summary judgment, and denied Mayes' motion for summary

judgment.  *Id.* at PageID 239–47 (Ex. 28).

Mayes, *pro se*, filed an appeal of the denial of post-conviction relief.  *Id.* at PageID 250

(Ex. 29).  In his brief, where he was represented by counsel, he set forth the following assignment

of error:

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED
> ITS DISCRETION IN REFUSING TO ALLOW APPELLANT TO WITHDRAW
> HIS PLEA AND TO GRANT HIM A TRIAL HEREIN.

*Id.* at PageID 272 (Ex. 30).  The State responded, *id.* at PageID 278–92 (Ex. 31), and on October

3, 2014, the appellate court affirmed the judgment of the trial court.  *Id.* at PageID 294–302 (Ex.

32).

Mayes filed a *pro se* appeal to the Ohio Supreme Court, *id.* at PageID 304–05 (Ex. 33),

asserting the following propositions of law:

> I.  Is trial counsel to give "Gross Misadvice" to his client in order to gain a plea and
> fail to constitutionally investigate all factors, especially the parole authorities policy
> and procedures, when it comes to releasing prisoners who have Multiple Victims
> and Charges of sex crimes against children? In no contest plea entered, knowingly
> intelligently and voluntarily? (sic)
>
> II. Whether appellate counsel is ineffective for failing to raise ineffective assistance
> of trial counsel and ineffective counsel during evidentiary hearing, for both
> counsel's (defense) failure to subpoena parole authority personnel from the Ohio
> Adult Parole Authorities as evidence that prisoners who have Multiple Child
> Victims of Sexual crimes and Multiple Charges do not receive a parole, thus proof
> appellant's plea was not voluntary, intelligent and knowingly entered? (sic)

*Id.* at PageID 308 (Ex. 34).  The State waived filing a memorandum in response.  *Id.* at PageID 334 (Ex. 35).  On March 11, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  *Id.* at PageID 336 (Ex. 36).

### 2. *Motion to Withdraw No Contest Plea*

On January 5, 2016, Mayes, *pro se*, filed a motion to withdraw his plea of no contest with the trial court.  *Id.* at PageID 338–45 (Ex. 37).  In his motion, Mayes claimed that his trial counsel had rendered ineffective assistance by failing to move for dismissal of the charges on speedy trial grounds due to the delay between his arrest and indictment.  *Id.* at PageID 341 (Ex. 37).  On January 21, 2016, the State filed a memorandum in opposition, and on March 22, 2016, Mayes filed a reply.  *Id.* at PageID 354–61, 363 (Exs. 38, 39).  On July 8, 2016, the trial court overruled Mayes' motion to withdraw his guilty plea under the doctrine of *res judicata*.  *Id.* at PageID 366–69 (Ex. 40).

Mayes timely filed a *pro se* appeal.  *Id.* at PageID 372 (Ex. 41).  Then through appointed counsel, Mayes filed an *Anders* brief to which the State responded. *Id.* at PageID 374–82, 384 (Exs. 42, 43).  After his appointed counsel withdrew, Mayes was given sixty days to file a *pro se* brief.  *Id.* at PageID 387 (Ex. 44).  Mayes, *pro se*, filed his brief, that set forth the following assignments of error:

> 1. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM THE COURT AND DEFENDANT THAT THE RIGHT TO SPEEDY TRIAL WAS VIOLATED PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS, AND OHIO STATUTORY LAW.
>
> 2. THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT OF THE AWA TIER III REQUIREMENTS IN VIOLATION OF CRIM.R.11, AND THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES AND OHIO CONSTITUTIONS.

3. THE INITIAL WAIVER IS INVALID FROM THE FAILURE TO OF TRIAL COUNSEL TO INFORM CLIENT OF POSSIBLE DEFENSES OF THE SPEEDY TRIAL VIOLATION IN VIOLATION OF THE 6TH AND 14TH AMENDMENT TO THE UNITED STATES AND OHIO CONSTITUTION. (sic)

*Id.* at PageID 392, 396 (Ex. 45). The State filed an appellate brief to which Mayes replied. *Id.* at PageID 399–415, 418–19 (Exs. 46, 47). On December 29, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court, reasoning in part that "[b]ecause Mayes could have, but did not, launch a direct appeal to raise the issue of defense counsel's purported failure to provide adequate advice concerning his speedy trial rights, the issue is now barred by the doctrine of *res judicata*."[3] *Id.* at PageID 421–29 (Ex. 48).

### 3. *Application for Reconsideration*

On January 16, 2018, Mayes filed a *pro se* motion for an enlargement of time to file a motion for reconsideration of the December 29, 2017 adjudication which the State opposed. *Id.* at PageID 433–34, 437–39 (Exs. 49, 50). On January 31, 2018, the Ohio Court of Appeals overruled the motion for reconsideration. *Id.* at PageID 442 (Ex. 51). Mayes then filed a second motion for reconsideration, this time seeking reconsideration of the January 31, 2018 decision to overrule his extension of time. *Id.* at PageID 446–47 (Ex. 52). The State opposed the motion for extension of time, and Mayes filed a reply. *Id.* at PageID 450–53, 456 (Exs. 53, 54). On March 5, 2018, the court overruled the motion for reconsideration. *Id.* at PageID 458–63 (Ex. 55).

Mayes filed a delayed appeal to the Ohio Supreme Court that was denied. *Id.* at PageID 465 (Ex. 56).

---

[3] Mayes also raised a concern that the trial court had failed to notify him of his registration requirements as a Tier III sex offender, rendering his plea invalid. The appellate court stated that this issue also was barred by *res judicata* and noted that the trial court had notified him of his registration requirements. Doc. No. 8 at PageID 421–29 (Ex. 48).

### 4.  *Application to Reopen Appeal*

On March 27, 2018, Mayes filed an application for reopening his appeal and an application in support pursuant to App. R. 26(B).  *Id.* at PageID 467–73 (Ex. 57).  Mayes claimed he received ineffective assistance of appellate counsel when counsel failed to raise for review the following assignment of error:

> APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN COUNSEL FILED AN ANDERS V. CALIFORNIA BRIEF IN AN APPEAL FROM THE DENIAL OF A MOTION TO WITHDRAW PLEA, CRIM.R.32.1; AND DID NOT RAISE THE APPROPRIATE STANDARD OF REVIEW. AN ABUSE OF DISCRETION STANDARD, STATE V. XIE, 1993 OHIO LEXIS 204, HN-3.

*Id.* at PageID 472 (Ex. 57).  The State filed a response to the application to reopen the appeal to which Mayes replied.  *Id.* at PageID 476–81, 483–85 (Exs. 58, 59).  On May 29, 2018, the Ohio Court of Appeals overruled Mayes' application to reopen his appeal.  *Id.* at PageID 487–93 (Ex. 60).

On July 2, 2018, Mayes filed a *pro se* appeal of the May 29, 2018 decision and entry to the Ohio Supreme Court in case number 18-0925.  *Id.* at PageID 495 (Ex. 61).  In his jurisdictional memorandum, Mayes asserted the following proposition of law:

> The Court of appeals committed prejudicial 'plain error' when failing to apply the 'appropriate Standard of Review', the 'abuse of discretion' standard, State v. Xie, 1992 Ohio LEXIS 204, although counsel appointed by the court of appeals, filed an Anders v. California, 386 U.S. LEXIS 738, brief when the court of appeals was aware that the appeal stems from denial of appellant's motion to withdraw plea, Crim.R. 32.1, and not entitled to appellate counsel.

*Id.* at PageID 499, 506 (Ex. 62).  The State waived filing a memorandum in response.  *Id.* at PageID 518 (Ex. 63).  On August 15, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  *Id.* at PageID 520 (Ex. 64).

### 5. *Second Motion to Withdraw Guilty Plea*

On July 31, 2019, Mayes filed a *pro se* motion for leave to withdraw his no contest plea. *Id.* at PageID 522–50 (Ex. 65).  On August 19, 2019, the trial court overruled the motion for leave to withdraw the plea as it was barred by *res judicata*.  *Id.* at PageID 522 (Ex. 66).

Mayes, *pro se*, filed an appeal of the August 19, 2019 judgment.  *Id.* at PageID 556 (Ex. 67).  On January 3, 2020, the appellate court dismissed the case for lack of prosecution.  *Id.* at PageID 561–62 (Ex. 68).

### 6. *Motion to Vacate or Set Aside Judgment*

On August 2, 2021, Mayes, *pro se*, filed a motion to vacate or set aside judgment and vacate plea (the "Motion to Vacate Plea") arguing that Ohio law barred the prosecution of his charges and that he should have benefited from any reduced sentence.  *Id.* at PageID 564–66 (Ex. 69).  On January 6, 2022, the trial court overruled Mayes' motions as *res judicata*, stating that Mayes' motions were "nothing more than efforts to withdraw his intelligently, knowingly and voluntarily pleas."  *Id.* at PageID 569 (Ex. 70).

Mayes, *pro se*, filed an appeal of the January 6, 2022 order to the Second District Court of Appeals, Montgomery County, Ohio in case number CA 29370.  *Id.* at PageID 573 (Ex. 71).  In his brief, Mayes set forth the following assignments of error:

1. The lower court committed prejudicial error ignoring statutory limitations.

2. The lower court committed prejudicial error in ignoring the language of H.B. 86.

*Id.* at PageID 576, 578–79 (Ex. 72).  The State filed a brief in opposition to which Mayes replied. *Id.* at PageID 582–90, 593–97 (Exs. 73, 74).  On July 29, 2022, the Ohio Court of Appeals affirmed the judgment of the trial court, expressly finding that:

> Mayes did not file a direct appeal from his conviction, and he has twice previously moved to withdraw his pleas. At any of these opportunities, he could have raised

the issues he now raises, but did not. The trial court did not abuse its discretion in concluding that res judicata barred Mayes's "motion to set aside judgment and vacate plea."

*Id.* at PageID 599–607 (Ex. 75).

On August 10, 2022, Mayes, filed a timely appeal to the Ohio Supreme Court under case no. 22-0978. *Id.* at PageID 611–12 (Ex. 76). In his memorandum in support of jurisdiction, Mayes asserted the following propositions of law:

I. The inferior courts committed prejudicial error in ignoring the constitutional guarantees of equal protection and due process.

II. The inferior courts committed prejudicial error in allowing an unauthorized sentence that conflicts with constitutional protections.

*Id.* at PageID 616, 619, 621 (Ex. 77). The State filed a waiver memorandum in response. *Id.* at PageID 634 (Ex. 78). On October 11, 2022, the Ohio Supreme Court declined to accept jurisdiction. *Id.* at PageID 636 (Ex. 79).

**D. Federal Habeas Corpus**

Petitioner, *pro se*, filed the instant Petition for a writ of habeas corpus which was received by the Court on November 3, 2022, seeking review of his August 2, 2021 Motion to Vacate Plea which the trial court overruled on the basis of *res judicata*. *Id.* at PageID 599–607 (Ex. 75). His sole ground for relief is:

**GROUND ONE**: EQUAL PROTECTION AND DUE PROCESS

**Supporting Facts**: The lower courts arbitrarily ignored the mandates of the legislature despite newer language that would have benefited Petitioner when he was eventually sentenced. Moreover, the charge that included a life tail had surpassed the statute of limitations.

Doc. No. 1 at PageID 5. Respondent filed his answer and the state court record, Doc. Nos. 8, 9, to which Petitioner replied in opposition, Doc. No. 10.

## II.  DISCUSSION

Petitioner seeks review of his Motion to Vacate Plea, which was overruled by the state trial court as barred by *res judicata*, the trial court's ruling was affirmed by the appellate court, and the Ohio Supreme Court declined review.  *See* Doc. No. 8, PageID 564–66, 599–607, 636 (Exs. 69, 75, 79).  Petitioner submits that his Petition is not procedurally defaulted, appearing to argue that he sought review of the issues presented in his Petition through appeal at the state court level, and that plain error review by this Court is appropriate as a sentencing error based on Ohio law affected his substantial rights, causing him to receive a more severe sentence.  Doc. No. 10 at PageID 774 (citing *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005); *United States v. Swanberg*, 370 F.3d 622, 629 (6th Cir. 2004)).  Respondent argues that the Petition should be dismissed as it is procedurally defaulted and, even if it were not defaulted, the claim is "meritless under Ohio law." Doc. No. 9 at PageID 767.

For the reasons stated below, this Court agrees with Respondent and **RECOMMENDS** Petitioner's Petition be **DISMISSED** as barred by procedural default.

### A.  Procedural Default

It appears Petitioner argues that his Petition is appropriately before this Court because he has gone a full round in the state courts via "present[ing] the subject-matter jurisdiction issue to resolve any constitutional issues by invoking a complete round of the state appellate review process."  Doc. No. 10 at PageID 774 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner appears to confuse the concepts of exhaustion and procedural default.

The Supreme Court defined the "Procedural Default Doctrine" for federal habeas proceedings as barring federal habeas relief in certain instances, stating:

> This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal

11

question and adequate to support the judgment. *This rule applies whether the state law ground is substantive or procedural.* In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. *Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.*

* * *

*The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on an independent and adequate state procedural grounds.*

*Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis added and citations omitted).

State procedural rules that channel the controversy to the state trial and appellate courts must be honored because failure to do so "deprives the [state] appellate court of an opportunity to review trial error, and 'undercut[s] the State's ability to enforce its procedural rule[s].'" *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

There are two types of procedural default in habeas actions:

First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Lundgren v. Mitchell* 440 F.3d 754, 763 (6th Cir.2006) (citing *Washington v. Sykes,* 433 U.S. 72, 87, 97, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)); *see also Maupin v. Smith,* 758 F.2d 135, 138 (6th Cir. 1986). If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*

Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel,* 526 U.S. 838, 848–7, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also*

12

> *Coleman v. Thompson,* 501 U.S. at 731–32. This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle,* 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.*

*Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit utilizes a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1) Does a state procedural rule exist that applies to the petitioner's claim?

(2) Did the petitioner fail to comply with that rule?

(3) Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4) Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim.

*See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006).

In his Motion to Vacate Plea, Petitioner argued that Ohio Revised Code § 2901.13(A)(1) barred the prosecution of any pre-S.B. 2 charges[4] and that he should have benefited from any reduced sentence under Ohio Revised Code § 1.58(B)[5] and Am.Sub.H.B. 86. Doc. No. 8 at PageID 565–66 (Ex. 69). The Common Pleas Court of Montgomery County overruled the Motion to Vacate Plea, explaining:

---

[4] The Ohio appellate court described S.B. 2 as "a comprehensive overhaul of Ohio's felony sentencing scheme." Doc. No. 8 at PageID 604 (Ex. 75).

[5] Ohio Revised Code § 1.58 addresses the "[e]ffect of reenactment, amendment, or repeal of statute on existing conditions." O.R.C. § 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

Mr. Mayes has ***previously and repeatedly*** attempted to withdraw his plea; and this Court has consistently overruled those attempts as without merit. On July 8, 2016, the Court overruled Mr. Mayes' first motion to withdraw his plea as *res judicata*, which was affirmed by the 2nd District. On August 19, 2019, the Court overruled Mr. Mayes' July 31, 2019 Motion for Leave to Withdraw Guilty Plea, appeal of which was dismissed for lack of prosecution. Mr. Mayes' August 2, 2021 and October 14, 2021 Motions are nothing more than efforts to withdraw his intelligently, knowingly and voluntarily pleas. And thus, the Court **OVERRULES** Mr. Mayes August 2, 2021 and October 14, 2021 Motions as *res judicata*.

Doc. No. 8 at PageID 569 (Ex. 70) (emphasis in original) (footnotes omitted). The Court of Appeals of Ohio's Second District, when affirming the trial court's overruling of the Motion to Vacate, made the following specific finding:

Mayes did not file a direct appeal from his conviction, and he has twice previously moved to withdraw his pleas. At any of these opportunities, he could have raised the issues he now raises, but did not. The trial court did not abuse its discretion in concluding that res judicata barred Mayes's motion to set aside judgment and vacate plea.

Doc. No. 8 at PageID 604 (Ex. 75).

The Sixth Circuit has consistently recognized that when a state appellate court relies on *res judicata* to bar a petitioner's claim in a later appeal that should have been brought on direct appeal but was not, as was the case with the Ohio appellate court's ruling on Petitioner's Motion to Vacate Plea, the *res judicata* finding serves as an independent and adequate ground for procedural default purposes. *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994); *see also Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). As Petitioner's Motion to Vacate Plea was specifically overruled and affirmed on the ground of *res judicata* due to Petitioner's failure to raise the issue on direct appeal (or potentially at other post-conviction proceedings), it is procedurally defaulted.

Once a procedural default determination is made, "the Court may not address the merits of that claim absent a showing by petitioner that the default can be excused under either the cause-and-prejudice test or the narrow 'actual innocence' exception." *Stojetz v. Ishee*, 389 F.Supp.2d 858, 894 (S.D. Ohio 2005). As Petitioner does not argue he is actually innocent, this Court is barred from hearing Petitioner's claim unless Petitioner is able to justify review under the cause and prejudice exception, which allows a claim's review even when it has been procedurally defaulted, if "the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

Cause means that a petitioner can meet his burden to demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Prejudice means actual and substantial disadvantage to a petitioner infecting the entire trial with error of constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 170 (1982). It is the petitioner's burden to show cause and prejudice sufficient to overcome the procedural default. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). Petitioner has failed to meet this standard.

In fact, Petitioner does not address cause or prejudice relating to any of the reasons the appellate court ruled against him.  He does not address why he failed to file a direct appeal, or why he did not raise the issue before this Court in his prior motion to withdraw his plea.  Instead, he argues that his claims are not barred by *res judicata* at all, appearing to argue that his Petition is appropriately before this Court as he has gone a full round in the state courts via "present[ing] the subject-matter jurisdiction issue to resolve any constitutional issues by invoking a complete round of the state appellate review process."  Doc. No. 10 at PageID 774 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  He then takes issue with various procedural claims relating to Ohio's sentencing statutes and changes made to those statutes, arguing they all provide a basis for this Court's review of Petitioner's claims.  *Id.* at PageID 776–78.  Petitioner wholly fails to address the issue on which the state courts overruled his Motion to Vacate Plea: his failure to raise the issue on direct appeal (or why he failed to bring a direct appeal at all).  Doc. No. 8 at PageID 604 (Ex. 75).  He likewise failed to address the issue in one of his motions to withdraw his plea that he previously filed.  *Id.*

For these reasons, this Court **RECOMMENDS** that this action be **DISMISSED** as barred by procedural default.

### B.  Merits

Respondent points out that in its merits decision on the Motion to Vacate Plea, the Ohio Court of Appeals only "interpret[ed] Ohio law [holding] that the statute of limitations did not apply to Mayes' benefit . . . [and] that Mayes' sentence did not violate Ohio law."  Doc. No. 9 at PageID 771.  Respondent further argues that as the appellate court's decisions rested entirely on interpretation of Ohio laws addressing Ohio statute of limitations and sentencing statutes, that this

Court is bound by the state court's construction of its own law, rendering Petitioner's claim as non-cognizable in this habeas proceeding. *Id.*

Petitioner submits vague and disjointed arguments appearing to assert that review is appropriate because the trial court misconstrued or otherwise misinterpreted Ohio statutory authority when calculating Ohio's statute of limitations and when determining the length of his sentence, resulting in a sentence that is "arbitrary and capricious," in violation of the Due Process Clause as set forth in the Fifth Amendment of the United States Constitution, and in violation of other unnamed "principles of the constitution." *Id.* at PageID 775–76, 778 (citing *Fields v. Henry Cnty. Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012).

In a federal habeas case, review is limited to consideration of claims alleging a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a perceived error of state law fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *See Wilson v. Corcoran,* 562 U.S. 1, 5–6 (2010) (per curiam) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991)) ("[I]t is not the province of a federal court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). "Generally, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings." *Coulter v. Bell*, 2008 WL 2705500, at *21 (E.D. Mich. 2008) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir. 1987)).

In addressing Petitioner's claim on the merits,[6] the state appellate court relied entirely upon state law, and rejected petitioner's challenge on appeal to his sentencing as follows:

---

[6] In *Bowling v. Parker,* 344 F.3d 487, 498 (6th Cir. 2003), the Sixth Circuit explained that, where a state court relies on procedural default but addresses the merits in the alternative, the claim is procedurally defaulted. In *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001), the Court stated, "[W]e view a state appellate court's review for plain error

{¶ 15} Mayes first asserts that the statute of limitations ran on the pre-S.B. 2 charges before he was indicted. Senate Bill 2, which Mayes references, was a comprehensive overhaul of Ohio's felony sentencing scheme.

{¶ 16} Prior to March 9, 1999, the statute of limitations for a felony offense[], other than aggravated murder or murder, was six years. *See* former R.C. 2901.13(A)(1). In H.B. 49, that statute was amended to extend the prosecution for rape and other serious offenses to 20 years. *See* former R.C. 2901.13(A)(3) (effective March 9, 1999). Section 3 of H.B. 49 further provided that the amended statute applied prospectively and also "to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."

{¶ 17} Each of Mayes's three indictments included some charges that occurred prior to July 1, 1996, the effective date of Senate Bill 2. However, all of the pre-S.B. 2 charges in the "A" and "B" indictments allegedly occurred within six years of March 9, 1999, the effective date of H.B. 49. Accordingly, under Section 3 of H.B. 49, the new 20-year statute of limitations applied to those charges, and they were timely indicted in 2011.

{¶ 18} The "C" indictment, filed on March 7, 2012, added six charges: three counts of gross sexual imposition, two counts of rape, and one count of rape by force. Count One allegedly occurred between September 13, 1988 and September 13, 1990, Counts Two through Five allegedly occurred between September 13, 1989 and September 12, 1992, and Count Six allegedly occurred between April 1, 1992 and September 12, 1992.

{¶ 19} On May 31, 2012, Mayes filed a motion to dismiss the "C" indictment, arguing that the six-year statute of limitations for each count had run prior to the effective date of H.B. 49. In its response, the State noted, citing R.C. 2901.13(F), that a statute of limitations does not begin to run during any time when the corpus delecti remains undiscovered, and R.M., the victim of the offenses, did not report the crimes until 2011. The State argued that that the statute of limitations for the "C" charges began to run when R.M. turned 18 years old in 1997. The trial court did not rule on this motion to dismiss (although it ruled on other separate motions to dismiss), but Mayes withdrew his motion to dismiss and all other outstanding motions on the day of his plea hearing.

{¶ 20} Mayes cannot reasonably argue that his plea constitutes a manifest injustice when he expressly withdrew his motion to dismiss the "C" indictment charges prior to his plea. Moreover, the State accurately articulated the tolling of the statute of limitations with respect to a child-abuse victim. *See State v. Hensley*, 59 Ohio St.3d 136, 571 N.E.2d 711 (1991), syllabus ("For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a

---

as the enforcement of a procedural default." As such, review of the merits does not otherwise nullify a procedural default finding.

responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."); *State v. Wooldridge*, 2d Dist. Montgomery No. 17708, 1999 WL 812363, *8 (Oct. 8, 1999) (tolling of statute of limitations on child-abuse offense ceases upon the victim's attaining the age of 18 years). The Ohio Supreme Court specifically excluded parents from the list of responsible adults. *Hensley* at 141. Mayes states in his reply brief that R.M. reported to his mother in 1991 that Mayes "had touched him in a manner that he thought he shouldn't have" (emphasis omitted), but that was insufficient to trigger the statute of limitations. On the record before us, Mayes has not established that the counts in the "C" indictment were filed after the statute of limitations expired.

{¶ 21} Mayes's second claim raised that the trial court did not properly apply the sentencing laws. He cites R.C. 1.58(B) and 2011 Am.Sub.H.B. 86, which, among other things, reduced the sentence for certain offenses. In his reply brief, Mayes argues that H.B. 86 eliminated an indefinite prison term for first-degree felonies. The judgment entry reflects that the trial court imposed a mandatory ten years in prison for the rapes ("A" and "B" indictments), not indefinite sentences. The life sentence for rape of a child under 13 by force (Count 5 of "C" indictment) was required by former R.C. 2907.02(B). Accordingly, we find no merit to Mayes's claim, nor has he shown a manifest injustice to justify the withdrawal of his plea.

Doc. No. 8 at PageID 604–06 (Ex. 75).

Petitioner's argument, while difficult to follow, does not appear to raise any discernable constitutional challenge to the appellate court's findings.  To the extent Petitioner claims that the trial court's sentence was improper as a matter of misinterpretation of Ohio's sentencing laws, *see generally* Doc. No. 10, such claims are not cognizable on habeas review.  *See e.g. Cook v. Stegall,* 56 F.Supp.2d 788, 797 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke,* 49 F.Supp.2d 992, 1009 (E.D. Mich. 1999) (same); *see also Branan,* 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review); *Ashipa v. Knab*, 2010 WL 5184791, at *3 (S.D. Ohio 2010) ("[T]his Court cannot consider whether any of the state courts made an error in deciding what a state statute means or whether the conviction violates the Ohio Constitution. A claim of error in the state court proceedings which does not state a claim under the Federal Constitution is said not to be cognizable

in habeas corpus. Claims of that sort are to be dismissed without prejudice, i.e., without a ruling

on the merits."); *Schaub v. Brunsman*, 2009 WL 2143746, at *18 (N.D. Ohio 2009) (claims seeking

to address violations of state law fail to rise to the level of a denial of fundamental fairness and,

therefore, are not cognizable in federal habeas corpus).

 Accordingly, Petitioner is only entitled to review of his claim if he establishes that the

errors of state law at issue resulted in a denial of fundamental fairness in the trial process and

therefore constitute violations of due process which are cognizable in federal habeas corpus

proceedings. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Petitioner has not cited, nor can this

Court discern, any Supreme Court precedent that would support a fundamental fairness finding.[7]

 For these reasons, this Court **RECOMMENDS** finding in the alternative, that this action

be **DISMISSED** as non-cognizable in this habeas proceeding.

## III. RECOMMENDED DISPOSITION

 **ACCORDINGLY,** this Court **RECOMMENDS** that this action be **DISMISSED** as

barred by procedural default and, alternatively, as the relief sought is not cognizable in this habeas

proceeding.

 **IT IS SO RECOMMENDED**.


March 5, 2024                              *s/Peter B. Silvain, Jr.*
                Peter B. Silvain, Jr.
                UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner alleges that his claim challenges the "validity" of his sentence and appears to submit his conviction was obtained under an "unconstitutional law[.]" *See* Doc. No. 10 at PageID 775 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Petitioner's citation to *Rodriguez*, is of no assistance. *Rodriguez* stands for the general principle that when a state prisoner seeks a determination that he is entitled to immediate or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus, not 28 U.S.C. § 1983. And that unlike a Section 1983 case, a habeas petitioner "cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." *Rodriguez*, 93 S.Ct. at 1830 (citing 28 U.S.C. § 2254(b)).

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.